IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ELIZABETH DUFFY, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 5:26-CV-214 (CAR)** |
| | : | |
| SHAHABUDDEEN A. ALLY, CHIDI | : | |
| A. EZE, KEVIN MCCLANAHAN, | : | |
| CARMEN PACHECO, and WAVNY | : | |
| TOUSSAINT | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

Before the Court is *pro se* Plaintiff Elizabeth Duffy's Motion to Proceed *In Forma Pauperis* ("IFP"). Having reviewed Plaintiffs' Affidavit, it appears she is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.** But, because Plaintiff fails to allege facts sufficient to state any viable claim for relief, **there will be no service of process until further order of this Court.**

If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) she **must file a recast Complaint within 21 days** of the date of this Order, which will supersede her original Complaint, as hereinafter directed.

**A. Motion to Proceed IFP**

1

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show she is "absolutely destitute" to qualify under § 1915(a), she must show that "because of h[er] poverty, [s]he is unable to pay for the court fees and costs, and to support and provide necessities for h[er]self and h[er] dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that she cannot pay the court fees because of poverty. Plaintiff states she receives $200 per week in income, has $42.00 in her checking and savings accounts, has no assets, and her

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

monthly expenses total $650.[5] The Court finds Plaintiff qualifies as a pauper under § 1915, and her Motion [Doc. 2] is **GRANTED**.

### B. Preliminary Screening

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[8] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[9] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] The

---

[5] Plaintiff's Motion to Proceed IFP [Doc. 2 at 1–2].

[6] 28 U.S.C. § 1915(e)(2)(b).

[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[9] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[10] *Ashcroft*, 556 U.S. at 663.

plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[11] *Pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[12] But "[d]espite the leniency afforded *pro se* plaintiffs, the district court does not have license to rewrite a deficient pleading."[13]

Plaintiff's allegations in their entirety are:

1. Defendants failed to show dignity in work,

2. Plaintiff claims punitive damages,

3. The estimate is over $50,000.[14]

Plaintiff has failed to state any viable claim for relief. The Court cannot discern any cause of action under federal or state law.

Given Plaintiff's *pro se* status, the Court will afford her an opportunity to amend her complaint to state viable claims.[15] The Court will not look back to the facts alleged in the original complaint once any amended complaint is filed; the Court will only consider

---

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[12] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[13] *Osahar v. United States Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

[14] Compl. [Doc. 1].

[15] *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend h[er] complaint instead of dismissing it.").

the facts in the amended complaint when it conducts the frivolity review required by §

1915(e)(2)(B).[16]

In the "statement of claims" section of her amended complaint, Plaintiff must link

any claims she makes to the named defendant. If Plaintiff fails to link the named

defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the

body of her complaint against the named defendant, that defendant will be removed from

the action and dismissed. Plaintiff must identify the named Defendants. It is

recommended that, when drafting her "statement of claims," Plaintiff list numbered

responses to the following questions (to the extent possible) along with the name of the

defendant:

(1) What did the defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Plaintiff injured as a result of the defendant's action?

(4) What law did the defendant violate?

In drafting her recast Complaint, Plaintiff should take care to comply with Federal

Rules of Civil Procedure 8(a)(2) and 10(b).[17] Complaints that violate these Rules "are often

---

[16] *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

[17] Fed. R. Civ. P. 8(a)(2) states "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim." Fed. R. Civ. P. 10(b) states "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]"

disparagingly referred to as 'shotgun pleadings.'"[18] Shotgun pleadings may contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"[19] or fail to separate each cause of action or claim for relief into a separate count.[20] "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[21]

Plaintiff's Complaint fails to give Defendants adequate notice of the claims against them and the grounds for each claim. To comply with Rule 10(b), Plaintiff must adequately allege factual allegations into numbered paragraphs to sufficiently state a claim and allow Defendants to respond to each claim individually. Plaintiff must separate her causes of action into separate counts and clarify the factual allegations supporting each claim.

### C. Rule 11 Obligations

The Court informs Plaintiff of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs her representations to the Court:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge,

---

[18] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).
[19] *Id.* at 1322 (footnote omitted).
[20] *Id.* at 1323 (footnote omitted).
[21] *Weiland*, 792 F.3d at 1323 (footnote omitted).

information, and belief, formed after an inquiry reasonable under the circumstances:

    (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation;

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[22]

## D. Artificial Intelligence

Finally, the Court has seen a marked increase in the use of technology such as ChatGPT, Google Gemini, Claude, Grok, or other generative artificial intelligence ("AI") services to prepare and file documents by unrepresented parties, who may not understand fully their pleading obligations. The Court cautions Plaintiff that these generative AI technologies may produce factually or legally inaccurate content.

The Court does not prohibit the use of AI, but to comply with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must review and verify all computer-generated content (including content from legal blogs and online summaries) to ensure that it is accurate and complies with Rule 11. To assist Plaintiff in meeting her pleading obligations, the Court **ORDERS** the follows:

---

[22] Fed. R. Civ. P. 11(b).

**In all pleadings, including Plaintiff's amended complaint, Plaintiff must include a signed statement fully disclosing the use of AI to assist in the preparation and drafting of the pleading. In the statement, Plaintiff must certify that she has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph will result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.** If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) she **must file a recast Complaint** within 21 days of the date of this Order, which will supersede her original Complaint. This recast Complaint **MUST** be filed in accordance with the directives contained in this Order.  If Plaintiffs fail to respond within twenty-one (21) days, the Court will dismiss this action with prejudice. Upon receipt of any amended complaint, the Court will reevaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further notice from the Court.**

**SO ORDERED,** this 2nd day of June, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT